[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 7, 2006
THOMAS K. KAHN
CLERK

No. 05-17121
Non-Argument Calendar

_____

D. C. Docket No. 05-80100-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGE E. SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 7, 2006)**

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

A Southern District of Florida jury convicted George E. Smith on two counts of a three-count indictment alleging violations of 21 U.S.C. §§ 841(a)(1), 860(a) : Count I, possession with intent to distribute more than five grams of crack cocaine within 1,000 feet of a public elementary school in Vero Beach, Florida, and Count II, possession with intent to distribute a mixture and substance containing a detectable amount of cocaine within 1,000 feet of the same school. The district court sentenced Smith to concurrent prison terms of 235 months, to be followed by concurrent 12-year terms of supervised release. He now appeals his convictions and sentences, raising two issues.

The first is whether the district court should have declared a mistrial based on comments the prosecutor made during closing argument to the jury. He attacks his sentences on the ground that the district court engaged in unconstitutional fact-finding in fashioning his sentences.

The Government's case against Smith was open and shut. It started with the execution of a search warrant by officers of the Rivera Beach Police Depart at the apartment Smith admittedly occupied. When the officers entered the apartment, someone exited through the rear door. It was Smith. The search yielded crack cocaine, powder cocaine, a quantity of baggies, the equipment needed to cook crack, a .22 caliber revolver, and a money roll of fifty and one hundred dollar bills.

Smith subsequently admitted that the drugs, the revolver, and the money were his.

In the initial closing argument to the jury, the prosecutor commented, obviously referring to Smith, that "an individual was seen running from the apartment at the time that the search warrant was executed." Smith did not object to the comment. In the rebuttal (following Smith's argument), the prosecutor referred to the execution of the search warrant as having "started" the case. Smith objected on the ground that the comment was an improper reference to an earlier judicial determination (i.e., the issuance of the warrant) that Smith was involved in illicit drug activity. The court sustained the objection. Smith then moved for a mistrial. The court denied the motion and gave the jury a curative instruction.

We assume for sake of discussion that the prosecutor overreached. Given the overwhelming evidence of guilt, including Smith's damaging admissions, however, the misconduct was harmless. We therefore find no reason for disturbing Smith's convictions, and turn to Smith's challenge to his sentences – that the court engaged in impermissible fact finding in sentencing.

A district court may make factual findings at sentencing by a preponderance of the evidence even if these facts were not admitted by the defendant or found by a jury. United States v. Chau, 426 F.3d 1318, 1323-24 (11th Cir. 2005). The court properly applied this rule in this case; hence, no error occurred. Smith's sentences

are accordingly affirmed.

SO ORDERED.